BURTON, Defendant in Error, v. NORTH MISSOURI RAILROAD, Plaintiff in Error.

1. If horses or animals are killed or injured by the cars, locomotives or other carriages used on a railroad, and the accident does not occur at a crossing of a highway or on a portion of the road enclosed by a fence, the railroad company will be liable for such injury, under the fifth section of the act approved December 12, 1855, (R. C. 1855, p. 649,) irrespective of any question of negligence, unskilfulness or misconduct on the part of the officers, servants, or agents of such company.

2. This liability extends to railroad companies, whether the fifty-second section of the general railroad act (R. C. 1855, p. 437) applies to such road or not.

*Error to Macon Circuit Court.*

The plaintiff seeks in this action to recover damages for the loss of two horses caused by their being run over by the cars of the defendant, the North Missouri Railroad Company. The plaintiff alleges in his petition that the accident occurred at a place where the road was not enclosed by a lawful fence; that it did not occur at a crossing of a public highway. The evidence adduced showed that at the place where the accident occurred the road was not enclosed by a fence. It was near a crossing of a state road, about seventy or eighty feet beyond it. The court refused declarations of law asked by the defendant, basing the liability of the latter on the issue of negligence.

The court found for plaintiff.

*Carr*, for plaintiff in error.

I. The court erred in overruling the demurrer to the amended petition. The petition is designed to be drawn in such a manner as to comprehend parts of two different statutes. (R. C. 1855, p. ——, ch. 39, § 52; id. ch. 51, § 5.) It fails in comprehending either. It should follow the language of the statute and conclude against the form of the statute. (8 Mo. 350; 17 Mo. 375.) It is not averred that the horses were crippled through the negligence, unskilfulness or misconduct of the officers, &c., of the company. It is not shown that where the crippling was done was in a part of the road passing through enclosed fields, so as to bring it within the purview of the fifty-second section of the general railroad act. It is not a petition for trespass at common law. (See 29 Mo. 167; 28 Mo. 30, 335.) The said fifty-second section is only applicable to companies formed under said act, not to the defendant.

II. The court erred in refusing the declarations of law asked on behalf of defendant. They were applicable to the facts in evidence. The fifth section merely shifts the burden of proving negligence. The railroad company may show that there was no negligence, unskilfulness, or misconduct. The company could not fence at this crossing of the state road, and thus keep out stock. (6 Indiana, 141; 8 id. 402.) The court erred in finding a general verdict. The issues should have been specially found. (Ewing v. Seaton, 17 Mo. 465; 6 Mo. 50; 9 Mo. 624.) There was no evidence of the amount of damages sustained.

*Ryland* and *Prewitt*, for defendant in error.

I. The declaration is sufficient. It would have heen sufficient to charge that defendant injured plaintiff's horses by running over them with the cars and giving the value of the horses and the injury. That would be a good declaration in case of trespass under our old practice. The statute only changes the proof necessary for plaintiff to recover, with a proviso that the section shall not apply to certain cases. (R.

C. 1855, p. 49, § 5.) Now the petition goes on and negatives these exceptions, which was more particular than was necessary, except in indictments charging crimes created by a statute, where the books say that if it is in the same section it must be negatived, but if in another following that one, the defendant must plead the exception.

II. The instructions asked by defendant were all given as appears by the mark on the margin of each one, at least all that are in the record were given and are so marked on the margin. It devolves on the plaintiff in error to show beyond equivocation, that the matters assigned by him as error, and of which he complains, were ruled against him in the lower court. All the instructions asked ought to have been refused. Not one contains all the qualifications of care and diligence required by the law to discharge defendant. (Gorman v. Pacific Railroad Co., 26 Mo. 441; R. C. 1855, p. 649, § 5.) The statute is repealed requiring a judge to find a special verdict.

NAPTON, Judge, delivered the opinion of the court.

The fifth section of the statute concerning damages in the revised code of 1855 provides that "when any animal or animals shall be killed or injured by the cars, locomotive, or other carriages used on any railroad in this state, the owner of such animal or animals may recover the value thereof in an action against the company or corporation running such railroad, without any proof of negligence, unskilfulness or misconduct on the part of the officers, servants or agents of the company; but this section shall not apply to any accident occurring on any portion of such road that may be enclosed by a lawful fence, or in the crossing of any public highway." (R. C. 1855, p. 649.)

The fifty-second section of the general railroad law declares "that every corporation formed under this act shall erect and maintain fences on the side of their road where the same passes through enclosed fields, of the height and strength of a division fence required by law, with openings

or gates or bars therein and farm crossings of the road, for the use of proprietors of lands adjoining such railroad; and also construct and maintain cattle-guards at all road crossings, suitable and sufficient to prevent cattle and animals from getting on to said railroad. Until such fences and cattle-guards shall be duly made, the corporation and its agents shall be liable for all damages which shall be done by their agents or engines to cattle, horses, &c., thereon; and after such fences and guards shall be duly made and maintained, the corporation shall not be liable for such damages unless negligently or wilfully done." (R. C. 1855, p. 437.)

By the fifth section above referred to, the railroad company is made responsible for injuries to horses or cattle, without regard to the question of diligence or negligence, unless the injury occurs in enclosed fields or at a road-crossing. The fifty-second section of the general railroad law makes the same provision in relation to all corporations affected by that law, and also furnishes an explanation of the object of the legislature. The railroad companies are required to fence up their roads, where they pass through enclosed fields, and to construct cattle-guards where they cross the public highway. When this is done they are not responsible for accidents; there must be negligence or misconduct on the part of their agents to make them responsible for injuries to cattle or other animals.

This suit is brought under the fifth section of the act concerning damages. The injury is described and it is averred that it occurred on a portion of the road not enclosed, and that it did not happen at a road-crossing. This, in our opinion, was sufficient. It was not necessary to aver negligence.

It is not material whether the fifty-second section of the general railroad law applies to the North Missouri Railroad Company or not. The inquiry presented in this case is not whether the company was bound to construct cattle-guards and put up fences, but whether in fact the injury happened where such cattle-guards and fences had been made. The company may be at liberty to omit these precautions against

accidents, if they prefer to take the risk rather than encounter the expense. The statute is positive that they must pay all damages when they fail to use these precautions, without any question as to whose fault may have led to the accident. If they enclose their road with fences or cattle-guards, so as to prevent stock from getting on the road, the law does not hold them responsible, except in cases of negligence or wanton injuries.

It will be seen that the instructions asked in this case had no application whatever to the case charged or proved, and were therefore properly refused.

Judgment affirmed. The other judges concur.