ROBERT B. McDOWELL *et al.*, Respondents, *v.* JESSE LITTLE *et al.*, Appellants.

*Conveyance—Femme Covert.*—Prior to the act of June 22, 1831, authorizing married women to convey their estates, to make a valid conveyance of the wife's estate it was necessary that the wife should acknowledge the deed in the manner provided by the statute then in force. (Lindell v. McNair, 4 Mo. 380; Reaume v. Chambers, 22 Mo. 52.)

*Appeal from St. Louis Land Court.*

This was an action for ejectment. The defendants were in possession under a lease from Rosalie Chataigne or Robidoux, dated January 1, 1850, for fifteen years from that date. Rosalie Robidoux died in 1858. The plaintiffs claim possession as tenants in remainder in fee, by virtue of what they claim to have been a deed of settlement, executed November 16, 1820, by J. B. Robidoux and Rosalie his wife. Rosalie Robidoux was at that time the owner of the premises by virtue of a deed dated June 16, 1818.

November 16, 1820, J. B. Robidoux and Rosalie his wife separated. On that date the instrument called the deed of Rosalie Robidoux purports to have been signed by marks. It was not acknowledged by Rosalie Robidoux or her husband. On June 6, 1821, A. L. Magenis, the subscribing witness, went before a justice of the peace and made proof of the marks of Baptiste Robidoux and Rosalie his wife and of the delivery to the grantee. By the deed, recorded book K, 165, dated November 16, 1820, B. Robidoux and Rosalie Vermet his wife, in consideration of the sum of six dollars paid to them by Horatio Cozens, " do give, grant, bargain, sell, release, remise and enfeoff" to Horatio Cozens and his heirs in trust to use of said Rosalie for life ; *habendum* to use of Laurent Robidoux her son, and the heirs of his body, for one half; other half to use of her daughter Archange and heirs of her body, with cross-remainder to each in tail, reversion to heirs of Rosalie Robidoux. Laurent Robidoux and Archange, wife of McDowell, the plaintiff in this suit, now claim that

this was a valid deed; that Rosalie Robidoux took thereby an estate for life only, and that the lease made by her to Little only created a term for her life, and that said term ceased with her life, and that plaintiffs as tenants in remainder were entitled to the possession.

The Land Court held the deed valid, and gave judgment for the plaintiffs. It also held that the plaintiffs had the legal estate, and could sue without the trustee in ejectment.

*Whittelsey*, for appellants.

I. The instrument under which plaintiffs claim as tenants in remainder, and not as heirs, was not the deed of Rosalie Robidoux, and did not affect her estate after the death of her husband. It never appears to have been used or asserted by anybody. The deed was never acknowledged by the wife as required by law, nor in any manner. (Chauvin v. Wagner, 18 Mo. 351; Reaume v. Chambers, 22 Mo. 36, which in principle is like the case at bar; McNair v. Lindell, 4 Mo. 380, has been doubted and qualified; Jackson v. Stevens, 16 J. R. 110; Stat. Oct. 1, 1804, 1 T. L. 46. Act July 7, 1807, 1 T. L. 178, authorizes married women to relinquish dower. That was repealed by act January 21, 1815, § 82, which by § 72, p. 418, provided for the conveyance of the dower of the wife by examination and acknowledgment. Her conveyance could be made in no other way. Act Feb. 1, 1817, 1 T. L. 543, gave justices authority to take acknowledgment of dower. The act of 1804, 1 T. L. 48, § 9, requires the handwriting of the grantors or of one of the subscribing witnesses to be proved. A mark could not be proved. (Allen v. Moss, 27 Mo. 362; Mayer v. Campbell, 12 Mo. 603, 614.) The deed of Mrs. Robidoux was never executed so as to be valid as her deed.

II. The plaintiffs had not the legal title, and could not sue in ejectment. The instrument, if valid as the deed of Rosalie Robidoux, vested the legal title in Horatio Cozens, which is outstanding in his heirs. The act of 1816, 1 T L. 436, introduced the common law and the general English statutes

prior to 4 James I. The statute of uses 27 Henry VIII., C. 10, subsequently adopted in express terms, became part of the law of this State. By the well known construction placed upon that statute, where a use is limited upon a use, the statute executes the first use and leaves the second use outstanding as a trust to be enforced in equity, or the statute transfers the first use into possession, leaving the second use as a trust. (2 Blk. C. 327–335, n. 52; Kent C. 301, n. *b*, 294.)

The deed in this case is a deed of bargain and sale for a money consideration, consequently the bargain and sale transferred the first use in Cozens into possession, leaving the second use for Mrs. Robidoux as a trust. (Guest v. Farley, 19 Mo. 147, 150.)

Cozens had the legal title, and could alone sue in ejectment. (Gibbons v. Gentry, 20 Mo. 468; Richardson v. Means, 22 Mo. 495 R. C. 1855, p. 1217, § 2; Thompson v. Lyons, 20 Mo. 155; 4 Kent C. 311, n. *a*.)

Plaintiffs' counsel contends that upon the termination of Rosalie R.'s life estate in the trust, the legal title vested in the plaintiffs as tenants in common in tail in remainder.

Such are not the terms of the settlement. The bargain and sale is to Cozens and his heirs, *habendum* to C. and his heirs in trust for Mrs. R. for life, then in trust for half to Laurent in tail and half to Archange in tail, so that C. holds the legal title after the death of Mrs. R. in the same trust for them as he held the remainder before the death. The remainder is not in the legal but in the equitable estate. (2 Blk. C. 328–337 and note.)

But the use upon the use appears to be expressed as if the draftsman drew the deed with the books before him, so as to be assured that the trustee and his heirs took the legal estate, and the other parties the equitable estate. The conveyance is to C. and his heirs, *habendum* to C. and his heirs, in trust, &c. The estates and uses are set out in words at length and not in legal shorthand, as, for instance, to C. and his heirs, to use of C. and his heirs, in trust for use of R. for life remainder to one half to L. and heirs of his body, and

34—VOL. XXXIII.

one half to A. and the heirs of her body, with cross-remainder, reversion to the right heirs of R. (Jackson v. Cary, 16 J. R. 302; Guest v. Farley, 19 Mo. 147.)

The legal title was not in the plaintiffs and they could not eject the defendants, holding under the lease of Rosalie Robidoux.

*B. A. Hill*, for respondents.

I. No question arises as to the cross-remainders or to the vesting of the estates of Laurent and Archange in tail or in fee, because they both survived their mother, the life tenant; both have many children, and sue for the possession of their vested remainders, after entry and demand, in avoidance of the lease by the life tenant. It is not material to this case whether plaintiffs are seized in fee or in fee tail.

1. The deed of grant and feoffment to Cozens and his heirs to the use of Rosalie for life separate and apart from her husband, and to the use of Laurent and Archange, her children, for undivided moities in cross-remainder in fee tail general, was executed under the statute of 27 Henry VIII., and the estates vested in interest and in possession according to the limitations thereof in the parties to whose use the deed was made. The estate was conveyed to Cozens the trustee, for particular purposes, and the legal estate vested in him as long as the active execution of the trust required it and no longer, and, therefore, as soon as the active trust was satisfied by the death of the husband of Rosalie, the legal estate was vested in the remainder men, who were beneficially entitled to it. (Per Bailey, justice, in Doe *ex dem.* Player v. Nichols, 1 B. & C. 336; Doe *ex dem.* White v. Simpson, 5 East. 162; Doe *ex dem.* Pratt v. Timins, 1 B. & Ald. 530, and cases cited; Waiter v. Hutchinson, 1 B. & C. 721; Glover v. Monckton, 3 Bingh. 13; Doe *ex dem.* Brune v. Martin, 8 B. & C. 497.)

So long, therefore, as it was necessary to preserve the use of Rosalie for her own use during coverture separate and apart from her husband, the legal seizin vested in Cozens; but after Baptiste died, in 1828, Rosalie became *femme sole*, and

the trust, as far as it was active, was satisfied, and Rosalie became seized of her life estate, and Laurent and Archange became seized of vested remainders in fee tail, with express cross-remainders to the survivor on default of issue by either. (Farrar v. Christy's administrators, 24 Mo.)

Cozens was the feoffee to the uses declared, and all the persons *cestui que* use being in *esse*, the statute executed the uses and they became legal estates. The present is the very case put in the books as an instance of a use executed by the statute of 27 Henry VIII. The deed operates as a feoffment, and Cozens cannot hold under it to his own use, but merely to the uses declared. In the case of Perry v. Price, 1 Mo. 394, it is decided that the words used in this deed of Robidoux and wife make a deed of feoffment and operate as such. See also Preston on Estates, 2 Bl. 338, 309, 311; Tomlin's Law Dic., tit. Deed feoff't, 3 Cruise, 172. This deed being a feoffment, Cozens was seized to the use of the other parties named, and the deed in general answers fully the requirements of the statute.

The statute requires that one person must be seized to the use of another. The seizin must be for an estate as extensive as the use, for the estate executes the use so far as there is a corresponding seizin and no further. In the present case the estate is corresponding and equal to the use.

BATES, Judge, delivered the opinion of the court.

The first question for consideration, and the only one which we find it necessary to consider, is, whether the deed made by Robidoux and wife to Cozens has any effect upon the estate of the wife in the land described in it.

In the case of Lindell v. McNair, (4 Mo. 380,) this court held that a married woman might, in 1820, when this deed was executed, convey her lands by conforming to the mode of executing and acknowledging deeds prescribed by our acts of Assembly. The opinion also states that "the act of 17th July, 1807, directs how conveyances of land shall be made and authenticated," thus deciding that the mode prescribed

in the act of 1807 must be conformed to. That act by its terms refers only to the execution and acknowledgment, by married women, of deeds for the conveyance of their rights of dower, but the court evidently held that the same mode must be conformed to in order to pass any other interest of the wife in the land.

In the case of Reaume v. Chambers, (22 Mo. 52,) Judge Scott held that the case of McNair v. Lindell decides nothing more than that a conveyance made by the husband and wife during the period between the introduction of the common law, on January 19, 1816, and the statute enabling husband and wife to convey real estate belonging to the wife, passed on the 22d June, 1821, in pursuance to the statute law then in force regulating the conveyances of married men's estates and the mode of relinquishing dower therein, will be effectual to convey the real estate belonging to the wife.

In the present case the deed is not executed in conformity to the statutes then in force regulating the conveyances of married women's estates and the mode of relinquishing dower therein. It was proved only by the oath of a subscribing witness. There was no acknowledgment at all, and of course no explanation to the wife and privy examination of her.

The deed, therefore, was not effective to convey the land of Mrs. Robidoux, and the judgment must be reversed.

Reversed and remanded. Judges Bay and Dryden concur.