## FLOCK ET AL. v. WYATT ET AL.

1. **Adverse Possession : TENANT IN COMMON : OUSTER.** Exclusive occupation by one tenant in common for a period of seventeen years, during a part of which time his co-tenants were minors, was *held* not to justify the inference of an ouster.

2. **Jurisdiction : INSANITY.** The jurisdiction conferred upon the Circuit Court of the estates of insane persons does not exclude the jurisdiction of the District Court upon questions of right between insane persons and others.

3. **Practice : DEATH OF PARTY : JUDGMENT.** Where the death of a party defendant occurs after the submission of a cause a decree rendered adverse to him should be entered as of a date prior to his death.

*Appeal from Story District Court.*

FRIDAY, OCTOBER 25.

ACTION for the partition of certain real estate. The plaintiffs, Missouri Flock, Thomas Wyatt, Isabel Helphray, and Susan Weir, aver in their petition that they are each the owner of one thirty-fifth part. The defendants, William Wyatt, Reuben Smith and Robert B. Smith, in their answer deny such claim.

The court entered a decree that one thirty-fifth part should be set out to each of the plaintiffs as prayed.

The defendants (except William Wyatt, who died after the submission of the case) appeal.

*J. L. Dana,* for appellants.

*S. N. Lindley* and *J. S. Frazier,* for appellees.

Flock v. Wyatt.

ADAMS, J.—I. The estate originally belonged to one Thomas Wyatt. He died in 1857, leaving as his heirs three brothers and three sisters, and also the plaintiffs, who are the heirs of a brother who died before Thomas did. The plaintiffs took the interest of the deceased brother, thereby becoming the owner of one-seventh.

The defendant William Wyatt was a brother of Thomas, and inherited one-seventh. He also acquired from his brothers and sisters their interests. He claimed to have acquired, also, the plaintiffs' interest. Whether he did so or not is the first question to be determined in the case.

The claim is based upon an alleged bargain between the administrator of Thomas' estate and the plaintiffs', whereby it is said that the plaintiffs received a horse which was to be in full for their share of the land.

Without stopping to inquire whether the administrator could make such bargain, it is sufficient to say that the evidence as to the bargain is conflicting, and the action not being triable *de novo* the finding that no such bargain was made cannot be disturbed.

II. William Wyatt occupied and enjoyed the property for about seventeen years, except two tracts which he sold, one of which is now owned by the defendant Reuben Smith, and the other by the defendant Robert D. Smith. The appellants set up this occupancy, and plead the statute of limitations. William, however, entered as joint tenant with the plaintiffs. His possession, therefore, was their possession, unless they were actually ousted by him.

*1. ADVERSE possession: tenant in common: ouster.*

The facts relied upon as constituting ouster are the sole occupancy during a long period of time, and the making of improvements, such as the building of fences and a house.

Exclusive occupancy by one tenant in common for a long time, it has been held, will justify the inference of an ouster. *Bolton v. Hamilton*, 2 Watts and Sergeant, 294. Such possession for forty years was held in New York to be sufficient.

*Jackson v. Whitbeck*, 6 Cowen, 632. In some cases even a less time has been held sufficient. *Chambers v. Pleoh*, 6 Dana, 432; *Lapeyere v. Paul*, 47 Mo., 586. In *Iddings v. Caims*, 2 Grant's Cases, 88, twenty-one years was held to be insufficient.

Much must depend upon circumstances. The time relied upon in the present case is seventeen years, but during part of the time it appears that all the plaintiffs were minors, and some of them most of the time. In our opinion they could not properly be considered as barred.

The possession of the Smiths was doubtless adverse when they took possession under their deeds, but the evidence does not show when that was.

III. At the time the action was commenced William Wyatt was insane. The appellants insist that the District Court 2. JURISDIC-   has no jurisdiction of the action. It is said that TION: insan-   ity.   the jurisdiction of the Circuit Court is exclusive in the matter of estates of insane persons and others requiring guardianship, and we are cited to Code, § 2312. But the jurisdiction therein conferred does not, in our opinion, exclude the jurisdiction of the District Court upon questions of right between insane persons and others.

IV. William Wyatt died after the case was submitted. The appellants insist that such being the fact no valid decree 3. PRACTICE:   could be entered. The entry of decree, as of a death of party:   judgment.   date subsequent to the death of one of the defendants, we think is irregular. It should have been entered as of the date of submission, or at any rate as of a date prior to Wyatt's death.

That this is allowable was held in *Campbell v. Messier*, 4 Johns. Ch., 342. The court said: "One of the defendants, Messier, having died after the argument, the decree was ordered to have relation back, and to be entered as of the 26th of November last, when the cause was finally heard. This was done under the decision of *Jones v. Le David*, in the Exchequer, in 1791, cited in 2 Fowler's Exchequer Prac. 169, and which cause was cited and adopted by Lord Eldon in *Davies v. Davies*,

9 Ves., 461, where the death of one of the defendants in the interval, after the cause had stood some time for judgment, was held not to prevent the judgment." See also *Yople v. Titus*, 41 Penn. St., 203, and Freeman on Judgments, §§ 57, 140. The cause will be remanded, but only for the correction of the irregularity herein pointed out.

REVERSED.