PAUL ROBIDOUX ET AL., Appellants, *v.* ANTOINE CASSI-
LEGI ET AL., Respondents.

### June 28, 1881.

1. A certificate of acknowledgment of a deed to land in St. Louis County, Missouri, is not bad because the officer does not state that the St. Louis County of which he declares himself to be an officer, is in the State of Missouri.

2. Under the statute of 1825, an acknowledgment, taken before a judge of the County Court, which does not appear to have been taken in open court, the certificate being made by the judge and not the clerk, and which does not state that the grantor, a married woman, "does not wish to retract," is defective.

3. In an action of ejectment, certified copies of deeds recorded for thirty years, are competent as tending to show the character of the grantor's possession, and that there had been no ouster, though the acknowledgments thereof be defective in form.

4. Being in possession of land and exercising acts of ownership, and executing a lease for fifteen years, is not inconsistent with a tenancy for life only.

5. Where one takes possession of land under a deed which makes him a tenant in common with another, he is presumed to do so for his co-tenant as well as for himself.

6. Where a co-tenant has been in possession, receiving rents to his own use, which has been long acquiesced in by the other, it is for the jury to say whether, under all the circumstances, there has been an ouster and adverse possession.

7. The knowledge required to make a defendant in ejectment liable for damages before the commencement of the action is not established by merely showing a good title in the plaintiff.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Affirmed.*

ALEX. J. P. GARESCHÉ, for the appellants : The Statute of Limitations confers a title as absolute as if by deed. — *Biddle* v. *Mellon*, 13 Mo. 335. Allard's title being barred by the statute, the defendants could not invoke it. — *Mc-Donald* v. *Schneider*, 27 Mo. 405 ; *Totten* v. *James*, 55 Mo. 494. A certificate of membership must be in conformity with the statute. — *McDowell* v. *Little*, 33 Mo. 526 ; *Steffen* v. *Bauer*, 70 Mo. 399. Tenants in common with

plaintiffs, the defendants cannot acquire an adverse title in derogation of the rights of their co-tenants. — *Laughlin* v. *Stone*, 5 Mo. 53; *Boyd* v. *Jones*, 49 Mo. 202.

CLINE, JAMISON & DAY, for the respondents: The effect of a deed to husband and wife depends, not on the terms of the deed merely, but upon the fact that the grantees be in reality husband and wife, and that the conveyance be made to them jointly; for if made to them as tenants in common, they take as such. — *Gibson* v. *Zimmerman*, 12 Mo. 385; *Jackson* v. *Stevens*, 16 Johns. 110; *Doe* v. *Parrat*, 5 Term Rep. 652. Laurent Robidoux and Archange McDowell were privies to the said marriage contract, and could claim under it by virtue of the recitals in said contract; and the legal representatives of said Rosalie are estopped from claiming anything more than a life estate in the premises. — *Clamorgan* v. *Greene*, 32 Mo. 285; *Joeckel* v. *Easton*, 11 Mo. 118; *Dickson* v. *Anderson*, 9 Mo. 156; *Carver* v. *Jackson*, 4 Pet. 82; *Bensley* v. *Burdon*, 8 L. J., chap. 85. The deeds offered and read in evidence by the defendants were proper, although some of them were defectively acknowledged. They were admissible to show the character of the possession of said Rosalie, as well as a ratification by other deeds duly acknowledged. — *Hamilton* v. *Boggess*, 63 Mo. 233; *Musick* v. *Barney*, 49 Mo. 458. The declarations of a person in possession of lands are competent evidence against himself and all persons claiming under him, for the purpose of showing the character of his possession and by what title he claims. — *Pitts* v. *Wilder*, 1 N. Y. 525; *Abeel* v. *Van Gelder*, 36 N. Y. 513; *Jackson* v. *Bard*, 4 Johns. 230; *Rogers* v. *Moore*, 10 Conn. 13.

BAKEWELL, J., delivered the opinion of the court.

This is ejectment for a lot in St. Louis. The answer is, not guilty, and the Statute of Limitations. The cause was tried by the court, a jury being waived. The finding and judgment was for plaintiffs for one undivided sixth of the

property in question, and rents and profits from the date of the action.

On the trial, plaintiffs introduced in evidence a deed for the lot in question to Lange Allard and Rosalie Vermet, his wife, dated June 8, 1818. From oral evidence on behalf of plaintiffs, and admissions, the following facts appeared : Rosalie Vermet, grantee in the deed above mentioned, was, at the date of its execution, the lawful wife of Jean Baptiste Robidoux, by whom she had at that date two children, Laurent Robidoux and Archange, who afterwards married one McDowell. The plaintiffs are the children of Laurent Robidoux, and he had no other children at the date of the action. Such other children as Laurent had had, were then dead, intestate, and without issue. At the date of the deed to Allard and Rosalie above referred to, Rosalie was living in St. Louis in adultery with Lange Allard, the other grantee in the deed, and she was falsely named in it as his wife. In 1819, Robidoux was again living in St. Louis, and Allard had left St. Louis for the West, and did not afterwards return to St. Louis. In 1826, Robidoux died. In 1828, Rosalie married one Morris, who died in 1832 ; and, in 1836, Rosalie married one Chataigne, who died in 1853. In October, 1858, Rosalie died, being then the widow of Chataigne.

Plaintiff introduced a lease of the premises in question by Chataigne and his wife to one Little, dated January 1, 1850, for a term of fifteen years from May 1, 1850. Also the will of the widow Chataigne, in which she makes no mention of the lot in question, but, after certain specific bequests, devises all her remaining estate, one-third to her son Laurent, one-third to the then living children of Laurent, and one-third to her daughter Archange McDowell.

Plaintiffs also introduced as witnesses two or three old residents, who testified that, from the time Allard left in 1819, they never saw or heard of him, and that Rosalie

lived on the premises in dispute, claiming to own them, up to the lease to Little in 1850.

Defendants offered in evidence a deed from Lange Allard to Horatio Cozens, dated June 9, 1821. This deed seems to be effectual to convey to Cozens the property in dispute, in trust for Rosalie Robidoux for life; after her death, for Lange Allard for life; and after his death, for Laurent Robidoux and Archange Robidoux, the children of Rosalie Robidoux.

It was objected to by plaintiffs on the ground that the certificate of the justice of the peace who took the acknowledgment begins, " County of St. Louis, SS.," and nowhere states that the county of St. Louis of which he declares himself a justice, was in the State of Missouri. The acknowledgment is dated June 9, 1821, and the deed was recorded November 5, 1823.

We see nothing in the objection. There is nothing tending to show that this justice was not a justice of the county of St. Louis in which the land lay. There is an admission that Allard was not in St. Louis after 1819. But there is no admission that he was not in St. Louis County on June 9, 1821. And it appears by this certificate that he actually was in that county at that date.

Defendants next offered a deed of Lange Allard and Rosalie, his reputed wife, which was admitted to be the deed construed in *McDowell* v. *Little*, 33 Mo. 526. This is evidently a mistake for a deed insufficiently acknowledged, by which J. B. Robidoux and wife, on November 16, 1820, attempted to convey to Horatio Cozens the property in question to use of Rosalie Robidoux for life, and after her death, to use of Laurent and the heirs of his body for one half; the other half, to use of her daughter Archange and the heirs of her body, with cross-remainders to each in tail; reversion to the heirs of Rosalie Robidoux.

The marriage contract between Morris and Rosalie, dated 1832, in which her interest in this land is spoken of as a

life estate, was then introduced, as was also a deed of Morris and his wife Rosalie, together with Belcour, her trustee under the marriage contract. This deed is dated December 5, 1828, and purports to convey the property in question to Laurent Robidoux in fee. Defendants then introduced a deed from Laurent Robidoux and wife, dated January 29, 1829, purporting to convey the premises in question to one Leduc, to hold for the separate use of Rosalie Morris during her natural life. All these deeds were objected to by plaintiffs as not being sufficiently acknowledged.

It was admitted that under the deeds of Archange McDowell and Laurent Robidoux, dated March 2, 1861, defendant Pauline Dalton acquired all the interest that Laurent or Archange had to this property at that date. All the documentary evidence offered on either side was in the form of certified copies of instruments recorded in St. Louis County. The deed of Rosalie and her husband Morris and her trustee Belcour to her son Laurent, dated December, 1828, seems to be defectively acknowledged as to Mrs. Morris, under the law of 1825. The acknowledgment is before a judge of the County Court; it does not appear to have been taken in open court; and the certificate is by the judge himself and not by his clerk; and it does not say that Rosalie " did not wish to retract," as the statutes of 1825 require in regard to the acknowledgments of married women.

But we think it immaterial that this deed and the other deeds of Rosalie were not acknowledged in strict conformity to law. They all have appended a certificate of acknowledgment from an officer having authority to take acknowledgments of deeds, and certified copies of these deeds which were all recorded more than thirty years prior to the time of offering them in evidence, were competent to show the fact of the existence of these instruments signed by the woman Rosalie, successively known as Vermet, Robidoux, Allard, Robidoux, Morris, and Chataigne. They were not

offered for the purpose of making title through them ; but to show the character of Mrs. Rosalie's possession, that there had been no ouster, and that there was no title in Mrs. Rosalie by possession, at the time of her death. We think they were properly admitted under the provisions of the statute. Rev. Stats., sects. 2305, 2306.

So far as the undivided half of this property is concerned, which Rosalie acquired by the deed to Allard and herself, the finding and judgment in this case is to the effect that her will was effectual to convey one-third of it to the plaintiffs ; and as defendants do not appeal, but acquiesce in this finding, the only question is as to the undivided moiety which Allard conveyed to Horatio Cozens in trust for Rosalie for life, and after the death of Rosalie and Allard, to Laurent and Archange, whose interests have been acquired by defendants.

By the deed to Allard and herself, Rosalie Robidoux acquired an undivided half in these premises as tenant in common with Allard ; and by the deed of Allard to Cozens she acquired the beneficial interest for life in the moiety owned by Allard. The documentary evidence introduced by defendants tends to show that she claimed only a life interest in the premises. But, in order to warrant a recovery for plaintiffs of an undivided third of these premises, there must have been evidence of an open and notorious adverse possession by Mrs. Rosalie, and of that we see no evidence at all. That she was in possession claiming to own the premises, as the witnesses say, and that she made a lease of them in 1850 for fifteen years, is quite consistent with her position as tenant for life. The deeds objected to were offered as tending to show the character of Rosalie's possession. They do tend to show that she claimed only a life estate in these premises, and that she joined with her husband and her trustee in executing an instrument in 1828, which, though it be held ineffectual for informality in the acknowledgment, purported to convey to her son Lau-

rent the fee in these premises which he, a month later, conveyed to her trustee to hold in trust for his mother during the term of her natural life. If these deeds had the effect that the parties to them manifestly intended that they should have, Rosalie had nothing in the premises but a life estate, having conveyed the fee of such interest as she could convey, to her son Laurent thirty years before her death.

Claim alone, it is said, shall not alter the possession; but, in the face of these deeds, we do not know how it can be said that Rosalie even claimed a fee in the undivided half of Allard. We see no evidence of anything from which the legal representatives of Allard could take notice that Rosalie was holding the fee in the Allard moiety adversely; so that they can be taken to have acquiesced in the title. Nor do we think it possible, on all the evidence in this case, to construct any legal theory to fit the facts, on which it can be held that Allard's undivided interest in these premises, or the third of that interest, or any part of it, goes to the children of Laurent.

Nor, if the deed of Allard should be held to be null for informality of the acknowledgment, as plaintiffs contend, would the plaintiff's case be made out. To establish title in Rosalie by adverse possession, it would then be necessary to show actual ouster of her co-tenant Allard. A mere perception of the profits does not show an ouster. And whether the fact of the lease and the other facts as to possession amounted to an ouster, would be questions found against plaintiff by the trier of the fact. It is not to be presumed that a tenant in common means to disseise his co-tenant. The presumption, on the contrary, is that a party entering into possession under a deed that makes him tenant in common with another, takes possession for his co-tenant as well as for himself. Where a tenant in common levied a fine of the whole estate and took the rents and profits afterwards without account for five years, it was held that this was no evidence whence a jury should be

directed, against the justice of the case, to find an ouster. Lord Kenyon said in that case (*Peacable* v. *Read*, 1 East, 277), that every case and every *dictum* was to the effect that *prima facie* the possession of one tenant in common was that of the other; but it might be shown that one of them had been in possession and had received the rents and profits to his own use and without account to the other, and that the other had acquiesced in this for such a length of time as might induce a jury, under all the circumstances, to presume an actual ouster, and there the line of presumption ended. 2 Cruise's Dig. 478; *Warfield* v. *Lindell*, 30 Mo. 372; *s. c.* 38 Mo. 561; *Lapeyre* v. *Paul*, 47 Mo. 586.

As we see nothing in the record from which the trier of the fact ought to have found that the representatives of Allard were disseised by Rosalie, and that she had title by possession at the time of her death to the one-sixth now in controversy, and as in no other way can the children of Laurent pretend title to the one undivided sixth which they claim as a third of the Allard moiety, we see no reason to disturb the judgment. As defendants acquiesce, we need not inquire whether they might complain of the judgment. It is enough that appellants are not wronged by it. The only controversy is as to whether any interest in the undivided one-half of these premises once owned by Lange Allard devolved to the children of Laurent Robidoux, or is owned by them.

Appellants claim that they should have had judgment for the rents and profits for the five years preceding the commencement of the suit, instead of from the commencement of the suit, as the finding was. We see no evidence that defendants or either of them, had knowledge of plaintiffs' claim before the bringing of this action. For the purpose of showing such knowledge, the record of the case of *McDowell* v. *Little*, reported in 33 Mo. 523 *et seq.*, was offered and excluded. Nothing appears in the statement of that case from which we can see that this record was

notice to defendants that the children of Laurent Robidoux claimed an undivided sixth of this property. The knowledge required to make defendant in ejectment liable for damages before the commencement of the action (Rev. Stats., sect. 2252.) is not established merely by showing that plaintiffs had a good title.

The judgment is affirmed.   All the judges concur.