JOHN C. WATERMAN AND JOHN W. LOWELL, Respondents, *v.* HENRY YOUNGER AND THOMAS E. TOOTLE, Appellants.

1. *Contracts — Payments — Application of — Mechanics' lien.* — If one owing another on several distinct demands fails to designate on what particular demand a payment is to be credited, the creditor may place it as a payment on any of the demands at his pleasure.    Thus, it would be no defense to suit on mechanics' lien that the contractor had paid money enough to plaintiff to satisfy the debt, when it further appeared that the money had been paid on a general account for materials used in erecting various buildings, and that the plaintiff, in the absence of directions from the contractor, had applied the payments to other buildings than that whereon the lien had attached.

*Appeal from Buchanan Circuit Court.*

The jury in this case found a verdict for plaintiffs for the amount sued on, and found that plaintiffs were entitled to a lien on defendants' property for the amount.

*Woodson, Vinyard & Young*, for appellants.

I. Where there has been no special appropriation of the payments made by either party to a running account, they will be applied to the discharge of the items of debt antecedently due, in the order of time in which they stand in the account. (1 Sto. Eq. Jur., § 459 *a ;* 2 Pars. Cont. 633 ; Clayton's case, 1 Meriv. 572, 604, 608 ; United States v. Kirkpatrick, 9 Wheat. 737; United States v. Wardell, 5 Mason, 82, 87; Speek v. Commonwealth, 3 Watts & S. 328 ; Berghaus v. Alter, 9 Watts, 394 ; Thurlow v. Gilmore, 40 Me. 378 ; Draffin v. City of Boonville, 8 Mo. 395 ; City of St. Joseph v. Merlatt, 26 Mo. 233.)

II. No material-man can have a lien on a building, or the ground on which it is situate, for materials used therein, unless

he has a contract for furnishing the same, either with the owner or proprietor thereof, or his agent, trustee, ·contractor, or sub-contractor. (Wagn. Stat. 907, § 1 ; Hause v. Thompson, 36 Mo. 450 ; Hause v. Carroll, 37 Mo. 578.)

III. The creditor, in the absence of directions from the debtor, must make the appropriation of the payment at the time it is paid to him ; otherwise the law will make the appropriation, and it will be too late for him to attempt to do so afterward. (Clayton's case, *supra ;* Stone v. Seymour, 15 Wend. 23.) The most liberal authorities that can be invoked by respondents, all require that a creditor making an application of a payment after it is paid in, must do so within a reasonable time thereafter. As to what is a reasonable time is a question for the jury — a thing wholly ignored in the instruction complained of.

*Strong & Hedenburg*, for respondents.

The application of payments is at the discretion of the payee, except when paid on a particular account, or where the debtor indicates a particular application. (Middleton v. Riley, 21 Mo. 412.) The citation of authorities on this point is unnecessary.

WAGNER, Judge, delivered the opinion of the court.

We see nothing objectionable in the action of the court in reference to its instructions regarding a contract between Younger and Tootle. The evidence shows that Younger did the work, that Tootle recognized him and paid him at different times ; and that was sufficient to warrant the jury in finding a contract between the parties. The real contest in the case relates to the appropriation of payments, and upon. that question I do not think that the court erred. Younger undertook to do the carpenters' work on a house for Tootle, and the plaintiffs were lumber merchants, and furnished him materials for the same. Younger failed to pay for all the materials, and the plaintiffs filed their lien against the property to secure the payment of the balance. The lien was filed, notice given, and suit brought within the proper time. It seems that Younger was a general contractor, and was building other houses at the same time that he was at work on Tootle's house,

and that on the ledger plaintiff kept a general account and charged him with all the lumber he bought; but when the lumber was delivered, the quantity got for the respective houses was charged separately on the journal and was also placed on the wagon ticket. Younger made two payments on account of the lumber furnished for Tootle's house, which were duly credited; and before the filing of the lien he paid the plaintiff a sufficient amount to pay off the entire demand, which was credited to his general account. It does not appear from what source this money was derived, nor that any direction was given by the debtor as to how it should be appropriated. Had it been applied to the first items as they stood on the ledger, it would have extinguished the liability for which this lien is prosecuted. It is now insisted that, as Younger gave no specific directions in regard to the appropriation, the creditor had no discretion, but was bound to appropriate it to the first items on the account. But this is not correct. In the first place, the general charge on the ledger was not conclusive proof that the plaintiff intended to look solely to Younger for their debt; and in the next place, the rule is that if the party paying fails to designate or direct the payment to be placed to his credit on a certain or particular demand, and there be several demands against him in favor of the creditor, then, in the absence of any direction how and where to give credit, the creditor may place it as a payment on any of his demands at his option. (Middleton v. Frame, 21 Mo. 412; McCune v. Belt, 45 Mo. 174.)

I think that the court properly instructed the jury in reference to the law governing the appropriation of payments, and the two instructions given by the court of its own motion manifestly placed the case before them correctly.

The record exhibits no error, and the judgment will be affirmed. Judge Bliss concurs. Judge Adams absent.