50  399
103  506

50  399
62a  100

WILLIAM HOLMES, ADMINISTRATOR OF ESTATE OF ROBERT SIMMERWELL, Respondent, v. JOHNSON LYKINS, Appellant.

1. *Bills and notes — Collateral security — Offset.* — A note given for collection, and the amount of which, when collected, was to be credited upon another note and held as an offset thereto, is merely a collateral security for the payment of the note last named, and not to be treated as payment of the same before the amount is actually collected. And where judgment on the collateral note is turned over to the maker of the principal one, and he gets the benefit of it, he is afterwards estopped from setting up such an offset.

*Appeal from Kansas City Court of Common Pleas.*

*Gage & Ladd*, for appellant.

The note transferred by defendant to Simmerwell operated as a conditional payment upon the note sued on, and stands as payment until returned or accounted for. (Dayton v. Trull, 23 Wend. 345–6; Kearslake v. Morgan, 5 T. R. 513; Chit. Bills, 97.)

*F. M. Black*, for respondent.

The first note was no payment of the note sued upon. (Appleton v. Kennon, 19 Mo. 637.) By the terms of the receipt given by Simmerwell to defendant, it was only taken as collateral security. (1 Smith Lead. Cas., 5th Am. ed., 452.) A creditor who accepts a note, either as collateral security or conditional payment, is only bound to use due diligence in collecting. He is not bound to bring suit. (Smith Lead. Cas. 452; Roberts v. Thompson, 14 Ohio St. 1.) The acceptance of such security does not prevent the holder from proceeding on the assigned debt. He may pursue both at the same time. (1 Smith's Lead. Cas. 452; Taylor v. Cheever, 6 Gray, 146; Granite Bank v. Richardson, 7 Metc. 408.)

ADAMS, Judge, delivered the opinion of the court.

This was an action on a note executed by the defendant to plaintiff's intestate. The defendant, by way of counter-claim, set up as a credit the amount of a note which he had transferred to the intestate, and for which he took the following receipt.

" Received, November 25, 1861, of J. Lykins, one note, signed by John P. Wood, William R. Lykins, G. W. Hutcheson and Joel Groener, trustees of the town of Lawrence, for one thousand dollars, which I am to collect of said trustees with interest, and which, when collected, is to be credited on a certain note which I hold against the said J. Lykins, and is to be an offset to said note.

ROBERT SIMMERWELL."

The evidence showed that suit had been brought on this note in the State of Kansas, where the payers resided, and judgment obtained, and that defendant had assumed control of this judgment as his property. Under executions issued on this judgment, property had been bought in the name of the defendant in payment of the judgment, which he assumed to sell, etc.

The case was submitted to a jury, and the court, in substance, declared the law to be that the defendant was not, under the circumstances detailed in evidence, entitled to a credit for the amount of the note set up in his answer as a counter-claim or credit. The jury found for the plaintiff for the whole amount of the note sued on.

It is very clear from the language of the receipt given for the trustees' note that it was taken only as collateral security, and the proceeds, when collected, were to be an offset to the note sued on. It was not taken as an absolute payment, nor was there to be any credit until the money was realized out of the note.

It is not pretended that the defendant suffered any loss or damage by any neglect on the part of plaintiff's intestate. In fact, it appears from the evidence that judgment was obtained upon the trustees' note, and that this judgment was transferred to the defendant.

After purchasing property and receiving the benefit of it as payment on this judgment, the defendant is estopped from setting up the amount of the note as a credit in this suit.

Let the judgment be affirmed. The other judges concur.