KAUFMAN-WILKINSON LUMBER COMPANY, Appellant, v. H. A. CHRISTOPHEL *et al.*, Respondents.

St. Louis Court of Appeals, October 23, 1894.

1. **Appellate Review of Order Granting New Trial**: DISCRETIONARY GROUNDS. An order sustaining a motion for new trial will not, on appeal therefrom, be affirmed on a discretionary ground, such as the discovery of new evidence, unless that ground is assigned in the order as a reason therefor, or the denial of it by the trial court would amount to an abuse of its discretion.

2. **Mechanics' Liens** : ACCOUNT IN BOOKS OF MATERIAL MAN. The integrity of a lien account for materials furnished for a building is sufficiently preserved by separate entries of the items in the material man's books of original entry, although his ledger contains an account wherein these items are lumped with others.

3. ———: APPROPRIATION OF PAYMENTS. Payments made by an original contractor to a subcontractor, without any application thereof by either party, will be applied to the oldest items of the account between them.

4. ———: WAIVER. The acceptance by a material man of promissory notes as security for his account will not *per se* constitute a waiver of his mechanic's lien, though these notes mature after the expiration of the time allowed for the filing of the lien.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED *(with directions)*.

*Rudolph Schulenburg* for appellant.

*Wm. C.* and *Jas. C. Jones* for respondents.

ROMBAUER, P. J.—This is an appeal from an order of the court sustaining a motion for new trial. The suit was brought by a subcontractor to enforce a mechanic's lien against the property of Mrs. Rae, a married woman, and the trial resulted in a judgment against the contractor and a judgment of lien against the property. Mrs. Rae had filed a separate answer, in which she denied that the plaintiff was entitled to any lien, and averred that she had never made any contract with anyone for the erection of the building, and, also, that the plaintiff, by its conduct, acts and assertions, waived whatever lien right it may have had.

After trial and judgment Mrs. Rae alone filed a motion for new trial, on the ground, among others, that the court had erred in refusing to instruct the jury that the plaintiff was not entitled to a lien against her property. The court sustained her motion for new trial, as the record entry shows, on that ground *alone*, whereupon the plaintiff took this appeal.

The appellate court, in reviewing the action of the trial court in granting a new trial, is not confined to the reasons assigned by the latter for its action. If it appears from the whole record that the court committed other errors demanding a new trial, its order granting such trial must be upheld, although it may have assigned an improper reason for doing so. *Hewitt v. Steele*, 118 Mo. 463. The exercise of the discretionary powers of the trial court, however, can not be reviewed on such appeal, except when there has been a gross abuse of such powers, and a failure to recite discretionary grounds for new trial in the order granting it must be taken as conclusive evidence that the court declined to exercise its discretionary powers in favor of the party obtaining the new trial.

We have made these observations, because stress is laid by the defendant upon the fact that the court might with propriety have sustained the motion on the ground of newly discovered evidence.  All we need say in answer to this is that the court did not grant a new trial on that ground, and, as its powers in that regard were discretionary, its failure to recite that reason in its order is tantamount to denying the plaintiff's motion, as far as it is based on the ground of newly discovered evidence.  As a denial on that ground would not involve, under the facts of the case, a gross abuse of discretion, we can not sustain a new trial on that ground in this court.

There is no controversy touching the formal sufficiency of the lien account.  Mrs. Rae's contention, that the plaintiff has failed to establish his lien claim against her property, rests on the following propositions:  *First*, that there was no substantial evidence that she had authorized the work to be done; *next*, that the plaintiff did not keep a separate account in his books of the material furnished for the house, and thus destroyed the integrity of the account, and, *lastly*, that the plaintiff had waived its right of lien by the contract hereinafter referred to.

Touching the first proposition it suffices to say that Mrs. Rae, being present in court, admitted that her architect for the erection of the building, if present, would testify as a witness that she had authorized the work to be done, and authorized him to enter into a contract with the defendant contractor therefor.  The contract, which was not signed by Mrs. Rae, was in the handwriting of this architect.  It is true that his affidavit is filed in support of the motion for new trial, in which he states that Mrs. Rae did not authorize him to contract for her, and that he would not have so sworn, if present at the trial.  That fact, however,

does not affect the testimony adduced at the trial, but is in the nature of newly discovered evidence. As the architect nowhere explains how he came to insert in the contract the name of Mrs. Rae as that of a contracting party, nor explain in whose behalf he acted when contracting, there is nothing to show that the court abused its discretion by refusing to sustain the motion for new trial on the ground of newly discovered evidence. As Mrs. Rae admitted on the stand that the house was built mainly, if not entirely, with her money, and according to plans which she selected; that she ordered some changes and alterations in the building while it was in progress; that she herself contracted for work done by another contractor on the house; and that she executed a mortgage on the lot which provided for mechanics' liens, the evidence was ample, outside of her admission of what the architect's testimony would be, to submit the question to the jury whether the work was done by her authority. *Carthage Marble, etc., Company v. Bauman,* 55 Mo. App. 204.

The plaintiff's books of original entry were given in evidence upon the trial, and were reproduced before us upon the argument of this cause. It appeared from these books that the material furnished by plaintiff to the contractor for this house was specified in separate entries on these books, although the ledger account lumped these entries with others, and there was no separation either on the debit or credit side of the ledger. Keeping the account separate on the books of original entries was sufficient to preserve its integrity. *Waterman v. Younger,* 49 Mo. 413.

As to credits, there was ample evidence to show that the contractor was indebted to the plaintiff for a balance much greater than the amount sued for, and that he had never made any specific appropriation of payments made by him; also evidence tending to show

that the material furnished by plaintiff for the house in question was among the last items furnished the contractor. It is immaterial, therefore, whether the plaintiff retained the right of appropriation at the date of the institution of the suit, since the law would have made the same appropriation which the plaintiff claims he had a right to make, and did make. *Goetz v. Piel*, 26 Mo. App. 634. It thus appears that the court did not err in submitting, as it did, this branch of the case to the jury by appropriate instructions, and that it could not nonsuit the plaintiff as to its lien, either on the ground that there was no evidence that the intregity of the lien account had been preserved, or on the ground that the debt had been paid.

The closest question arises on the third proposition, which is based on the following facts: On December 15, 1892, the plaintiff and the contractor entered into a written contract reciting, in substance, that the contractor had theretofore executed five negotiable promissory notes aggregating $2,000 on account of an indebtedness of $3,633.48, and that, to secure the indebtedness last named, the contractor had executed three promissory notes of $700 each, payable one year after December 14, 1892, securing such notes by deed of trust on certain other real estate. This contract then provided that, upon payment of the indebtedness of thirty six hundred and thirty three dollars and forty-eight cents ($3,633.48), these three $700 notes should be surrendered to the contractor; also that the contractor should have the option to take up any of the three $700 notes at any time by paying to the plaintiff the principal thereof, with accrued interest.

The defendant gave this contract in evidence as showing a waiver of the lien. The plaintiff gave evidence, the reception of which was not excepted to, that the five negotiable promissory notes aggregating

$2,000, referred to in the contract, were given anterior to the furnishing of the materials sued for in this action, and hence had nothing to do with this controversy, although the indebtedness of $3,633.48, recited in the contract, did include the amount now sued for. The plaintiff was also permitted to show without objection that the three $700 notes were taken as collateral security for the $2,000 only, and not for the $3,633.48, and, also, that all of these notes remained *wholly unpaid.* As the contract merely recited that the five notes aggregating $2,000 were given on account of an indebtness which was much larger, evidence that they were given for a distinct part of such larger indebtedness was admissible. Such evidence in no way contradicted the recital, and was explanatory of the consideration only. That part of the evidence, however, which tended to show that the three $700 notes were given as security for the payment of the $2,000 only was clearly incompetent, as the contract recited in unambiguous terms that these notes were given as security for the payment of the entire indebtedness of $3,633.48. We must observe here, however, that the evidence was unobjected to, and hence the defendant waived any right to complain on the score of its admission.

But even if we would construe the contract without the aid of such oral evidence, the result would be the same. The taking of notes of the debtor in settlement of an account, when such notes mature after the time for bringing suit upon the lien account has expired, has been held to be a waiver of lien, because the notes are in the nature of an extension, and, until they mature, the right to sue on the lien account is *suspended.* *McMurray v. Taylor*, 30 Mo. 263. It has always been the law of this state that neither the taking of the note of the debtor, nor that of a third person, is payment of an account, unless such notes are taken with a distinct

understanding that they are taken in payment.    *Selby v. McCullough*, 26 Mo. App. 66, 72, *et.seq.*

Where notes are taken on general account, and as collateral security, their taking is in no sense inconsistent with the enforcement of the lien account.    In such cases the intention to waive the lien must clearly appear.    *Peck v. Bridwell*, 10 Mo. App. 524, 527. Phillips on Mechanics', Liens, section 283.    In *Gorman v. Sagner*, 22 Mo. 137, the taking of a mortgage on the premises attempted to be charged by a mechanic's lien was held to be a waiver of the lien, because no one could subject the same property to a double charge for a single debt, but the rule, that taking collateral security for a lien is not necessarily a waiver of the lien, was distinctly recognized.    "Courts are inclined to regard securities as cumulative, when it can be done without violence to the right of third persons."    22 Mo. 139.

It results from the foregoing observations that the court did not err in refusing to take the case from the jury on the question of lien on defendant's theory, that the contract of December 15, 1892, was a waiver of the lien as a matter of law.    The question whether it was intended as a waiver was submitted to the jury on instructions for the defendant Mrs. Rae, which would have furnished legal ground for new trial had the verdict been the other way.    Of that, however, she can not complain.

Not finding any legal error in the record of the first trial, of which the defendant had any right to complain, and the court having vacated the verdict for legal error, and not in the exercise of any of its discretionary powers, we are bound to reverse the judgment granting a new trial.    Any other ruling would make the statute, which grants an appeal to a party against whom a motion for new trial has been sustained, a mere delusion and farce.

All the judges concurring, it is ordered that the judgment awarding a new trial to Mrs. Rae be reversed, and the cause remanded to the trial court with instructions to overrule the motion for new trial.