KAUFFMAN–WILKINSON LUMBER COMPANY, Plaintiff in Error, v. H. A. CHRISTOPHEL *et al.*, Defendants in Error.

St. Louis Court of Appeals, April 23, 1895.

1. **Mechanics' Liens**: PRESERVATION OF IDENTITY OF LIEN ACCOUNT. If a mechanic's lien account is kept separately on the books of original entry of the lienor, this will suffice for the preservation of its identity, though it was mingled with other accounts on the lienor's general ledger.

2. ———: EFFECT OF NOTES GIVEN AS SECURITY ON VALIDITY OF LIEN. A mechanics' lien is not waived by the acceptance of promissory notes merely as security for the payment of the lien account.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

REVERSED AND REMANDED.

*G. A. Wurdeman* and *B. A. Lange* for plaintiff in error.

*B. Schnurmacher* for defendant in error, Franklin P. Hunkins.

ROMBAUER, P. J.—This is an action brought by a material man to enforce a mechanic's lien. Christophel was the contractor for the erection of the building, and Hunkins is the owner. The petition is in the usual form. The contractor made default, but the owner of the property answered by way of general denial. The cause was tried by the court sitting as a jury, the trial resulting in a judgment against the contractor but in favor of the owner. At the close of the entire evidence the court gave a peremptory instruction that, under the

pleadings and evidence, the plaintiff was not entitled to a lien. Whether this instruction was warranted is the only question before us.

We deem it due to the trial court to state that this cause was tried anterior to our decision in the case of the same plaintiff against the same contractor and another owner (59 Mo. App. 80), where almost the identical propositions of law are involved. Our opinion in that case has presumably led to the prosecution of the writ of error in this case.

The facts developed by the evidence in the case at bar, briefly stated, are as follows: Touching the furnishing of the materials, their reasonable value as sued for, and the formal sufficiency of the lien account filed, there is no substantial controversy. The points relied on to defeat the lien are that the plaintiff had not in its book of entries sufficiently preserved the unity of the account to make it lienable, and that it had waived, by its subsequent dealings with the contractor, whatever right of lien it might otherwise have had. The testimony on the first point had a tendency to show that, while the plaintiff did mingle this account with others on its general ledger, it kept it separate on its books of original entry, which for the purpose of preserving the unity of the account is deemed sufficient in this state. *Waterman v. Younger*, 49 Mo. 413.

The testimony adduced on the second point disclosed the following facts. There were dealings between the contractor and plaintiff extending for a number of years. As a result of these dealings the contractor owed the plaintiff, before any of the material sued for in this case was furnished, an amount exceeding $2,000, for which the contractor had given notes to the plaintiff. After the material sued for was furnished, the indebtedness of the contractor to the plaintiff increased until it exceeded $4,000. The contractor then executed

three promissory notes for $700 each, which were secured by a second deed of trust on some lands, and delivered these notes to the plaintiff as security for the entire indebtedness.    That these notes thus delivered were in part security for the indebtedness created by the furnishing of the materials sued for, all the evidence concedes.    The contractor testified that they were given in payment of the balance due, and not covered by the former notes aggregating $2,000; but on that subject he was contradicted by another witness for plaintiff, and also by the terms of the written agreement made between himself and the plaintiff at the time when these three notes were delivered, which agreement expressly recites that these notes were taken as *security* for the debt.    If the notes were merely taken as security for the debt, they amounted neither to a *payment* of the account, nor to a waiver of the lien. *Peck v. Bridwell*, 10 Mo. App. 524; *Holmes v. Lykins*, 50 Mo. 399; *Leabo v. Goode*, 67 Mo. 126; *Sturdevant Bank v. Peterman*, 21 Mo. App. 512.    This point was ruled against the owner in *Kaufman-Wilkinson Lumber Company v. Christophel*, 59 Mo. App. 80, on the construction of this identical contract, as applicable to facts almost identical with those presented by the case at bar.

The trial court was of the opinion that it was immaterial whether these three $700 notes were taken by way of security or by way of payment, as the following colloquium, which took place between it and plaintiff's counsel at the close of the evidence, will show.

*Counsel.* "The contract expressly states that the notes and deed of trust were to be held as security for the payment of the amount due. It amounts to nothing more than a collateral.

*Court.* "For the whole of the account.

*Counsel.* "But not received by them as payment of the indebtedness.

*Court.* "That did not make any difference.

*Counsel.* "We only took them as security, and this very paper shows that were not taken as payment.

*Court.* "Well, I don't think it makes any difference whether you took it as a payment or not. That is not essential in the case."

This colloquium, which was immediately followed by a peremptory instruction that the plaintiff was not entitled to a lien, clearly indicates that the court applied an erroneous theory of the law to the facts. In determining the propriety of a peremptory instruction, it is immaterial whether the cause is tried by the court with or without a jury. Such an instruction never addresses itself to the weight of the evidence. If the plaintiff has given any substantial evidence which in a jury trial would entitle him to go to the jury, the court sitting as a jury can not withdraw that evidence from its own consideration by a peremptory instruction. Any other view would debar appellate courts from all review of the question as to what theory of the law was applied by the trial court to the facts.

It results from the foregoing, that the judgment must be reversed. All the judges concurring, the judgment is reversed and the cause remanded.