THE WESTERN BRASS MANUFACTURING COMPANY, Appellant, v. FRANK J. MEPHAM et al., Respondents.

St. Louis Court of Appeals, December 10, 1895.

1. **Practice, Appellate:** EFFECT OF REPORT OF REFEREE. In the review of the finding of a referee in an action at law, this court is limited to the inquiries, whether the referee's findings of fact are sustained by substantial evidence and whether the conclusions of law applied by him to these findings are correct.

2. **Mechanics' Liens:** MINGLING OF INCORRECT ITEMS IN LIEN ACCOUNT. A mechanic, who has mingled in his lien account items for material which was not in fact used in the building sought to be charged, but which he with good ground believed to have been thus used, will not by reason thereof be debarred from the enforcement of his lien in other respects, if these items can readily be segregated from the remainder.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*W. T. Mason, C. H. Chapin,* and *Geo. W. Lubke* for appellant.

*I. C. Terry* for respondent,

ROMBAUER, P. J.—The referee's finding in an action at law stands in the place of the verdict of a jury, and, when supported by substantial evidence, can not be disturbed on appeal on the sole ground that it is against the weight of the evidence. *Franz v. Dietrick,* 49 Mo. 95; *Dunlap v. Elks Social Club,* 25 Mo. App.· 180; *Lingenfelder v. The Wainwright Brewing Co.,* 103 Mo. 578. In reviewing such a finding, where proper exceptions were filed to the referee's report, the appellate court is necessarily confined to the examination of two questions: Is the finding of facts supported by substantial evidence? Are the conclusions of law applied by the referee to the facts found correct?

Keeping these limitations in view, we proceed to the examination of the referee's findings in this case, which were affirmed by the trial court. The action is one to enforce a mechanic's lien on a building known as "Cooper Flats," the plaintiff belonging to the class known as material men, and the defendant Mepham being the contractor with the owner for the construction of the steam heating apparatus, plumbing and sewering of said building. The petition states that the materials were furnished to Mepham for this contract between September 27, 1892, and February, 20, 1893, and were used in said building; that they have not been paid for; that their reasonable value is $1,151.09, and that the plaintiff, on May 20, 1893, and after preliminary notice to the owner, filed a mechanic's lien for said amount which it seeks to enforce in this proceeding. The answer of the owner is a general denial. The cause was sent to a referee for the trial of

all the issues, who reported that the plaintiff was not entitled to a mechanic's lien, but was entitled to a judgment against defendant Mepham for $934.29. The plaintiff filed proper exceptions to this report, which the court overruled. Judgment being entered on the referee's report, the plaintiff appeals.

The evidence adduced before the referee tended to show that the materials, the value of which is sued for, were furnished by plaintiff on a running account first to defendant Frank J. Mepham, and then to the Mepham Heating and Plumbing Company, a corporation; that Frank J. Mepham and others formed a corporation under the name above stated in January, 1893, and, after the formation of such corporation, goods delivered by plaintiff to the Cooper building were billed to the Mepham Heating and Plumbing Company.

On this branch of the case the referee found that material to the value of $934.29 was furnished by plaintiff to F. J. Mepham, and that the last of this material was furnished *on January 27, 1893, more than four months prior to the filing of the lien account*, hence the plaintiff had lost its lien as to that part of the account, and that, as to the residue of the account, it could not claim any lien, because that accrued against the Mepham Heating and Plumbing Company, a corporation, which is not a party to this suit and against which no lien was ever filed.

The reasoning of the referee is unquestionably correct, but the premises on which it is based fail to support it. If the last item was furnished to Frank J. Mepham on January 20, or at any time thereafter, of which there is ample uncontradicted testimony in the record, then it was furnished within four months of the filing of the lien account, as that account was filed May

20, 1893.   We are bound to take judicial notice of the
fact that the time intervening between January 27 and
May 20 in the same year is *less* than four months, even
though that proposition was overlooked by the referee,
by the trial court, and by the plaintiff's counsel in the
case.

A more serious question arises on the second
branch of the case, namely, whether the plaintiff has
lost its lien by embodying in the lien account items for
which it is entitled to no lien.   On this branch of the
case the referee found, and there is substantial evidence
to support such finding, that some articles furnished by
plaintiff for the building sought to be charged with the
lien were not used in the building, but were supplanted
by similar material, of an equal value, taken by Mepham
from other buildings then under process of construction
by him.   The referee concludes upon this showing as
follows:   "If the original contractor were seeking to
enforce a lien against these premises, such exchanges
would probably be of no consequence.   But where, as
here, the lien is claimed by a material man, they are of
the utmost importance.   Obviously, a material man is
not entitled to a lien for material in a building fur-
nished by some other material man, or even for mate-
rial furnished by himself, if he has been paid for it.
It does appear here that the radiators taken from
the church and put into the Cooper building were fur-
nished by this plaintiff, but in regard to the other items
in question that fact does not appear; nor does it
appear as to any of said items whether or not they had
been paid for by Mepham.   If the views here indicated
are correct, I would have to assume, in order to sustain
the lien, that all of the aforesaid material thus taken to
the Cooper building from other jobs was furnished by
this plaintiff, and that none of it has been paid for by,

Mepham.   As I know no warrant for either assumption, it follows that plaintiff has *no lien for any part of the material furnished.*''   (The italics are ours.)

We will state at the outset that the items to which the referee alludes are of trivial value, as shown by the whole evidence and as conceded by the referee's report. We find nothing in the evidence, showing that they could not have been easily segregated from the residue of the account.   There is no controversy touching the fact that they were furnished by the plaintiff for the building, that they were lienable items, and that the plaintiff was justified in assuming that they were used in the building.   If not thus used, the plaintiff is not entitled to any lien on account thereof; but it does not follow that the plaintiff is not entitled to a lien for material *which all the testimony concedes was thus used.* The cases of *Johnson v. Building Co.*, 23 Mo. App. 549; *Pullis v. Hoffman*, 28 Mo. App. 671;   *Schroeder v. Mueller*, 33 Mo. App. 28;   *Schulenburg, etc., Lumber Co. v. Strimple*, 33 Mo. App. 154, and *Midland Lumber Co. v. Kreeger*, 52 Mo. App. 419, are conclusive on that point against the referee's finding.   The conclusions of law made by the referee on his finding of the facts on this second point can, therefore, not be sustained.

It will be thus seen that, as to one point, the finding of facts by the referee was erroneous, because it was an admittedly erroneous computation of the time intervening between two dates found, and that, as to the other point, the referee's conclusions of law are untenable.   The case is one governed by the rule laid down in *Miller v. Hoffman*, 26 Mo. App. 199, and under that rule the plaintiff has shown a right of lien for the reasonable value of all articles furnished by it up to January 27, 1893, inclusive, which entered into the construction of the building.   The referee's finding to

the contrary is opposed to the conceded facts on one point, and to the established law on the other.

It results from the foregoing that the judgment must be reversed and the cause remanded. So ordered. All the judges concur.