WESTERN BRASS MANUFACTURING COMPANY, Respondent, v. ARTHUR BOYCE et al., Defendants; OTTO M. EIDLITZ et al., Appellants.

74  343
159s  316

### St. Louis Court of Appeals, March 29, 1898.

1. **Mechanic's Lien:** WAIVER. The taking of notes from one who purchased his materials from plaintiff and furnished the same to defendant for building defendant's house, said notes maturing before suit was brought against defendant, without any agreement to accept them as payment or agreement to waive plaintiff's rights to file a lien, was not payment nor a waiver of lien rights by plaintiff.

2. **Mechanic's Lien:** INCUMBRANCER. If a lienor wishes to affect an incumbrance prior or subsequent to his inchoate right to charge the property with his lien, he must make the incumbrancer a party to the suit to establish and enforce his lien.

3. ———. A mechanic's lien suit has a two fold purpose, *first*, to ripen an inchoate right of lien into a legal lien by the judgment of the court; *second*, to enforce the established lien by decree of sale.

4. ———: PARTIES: LAW: EQUITY. A suit to enforce a mechanic's lien is at law, not in equity, and the respondent was not required to institute search in another state to discover who might have some beneficiary interest in the property. The trustee is the only party named in the trust deed as representing their beneficial interest, and the trustee is the only necessary party.

*Appeal from the St. Louis Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

No briefs filed.

BLAND, P. J.—William H. Miltenberger, in March 1895, was the owner of a tract of land situated at the corner of Lindell Boulevard and Sarah street in the city of St. Louis, which he subdivided in nine separate lots and commenced the erection thereon of nine sepa-

rate dwelling houses, known and numbered as numbers 4103, 4107, 4111, 4115, 4117, 4121, 4125, 4129, and 4133 Lindell Boulevard, being separate dwellings on continuous lots. On March 27, 1895, Miltenberger entered into a written contract with defendant Arthur Boyce, a plumber, whereby Boyce agreed to do the plumbing work on all of the nine houses. Subsequently on the twelfth of September, 1895, the respondent contracted with Boyce to furnish certain plumbing material for the nine houses, agreeing to allow certain discounts. On October 2, 22 and 23, 1895, Boyce ordered of respondent certain additional plumbing material for these houses, which was furnished him. All the materials were delivered to the wagons of Boyce at the respondent's factory.

STATEMENT.

The extra material ordered on October 2, 22 and 23, was delivered at the factory of respondent on the date of these several orders, and the goods embraced in the original contract were delivered on October 22 along with the other goods ordered on that day. These separate bills, corresponding with the date of delivery of the goods were made out and sent to Boyce. Upon these bills was this memorandum: "Miltenberger job, Lindell and Sarah streets." The following items embraced in respondent's lien account were not used in any of the houses: "Marble backs for nine 20 x 24 x 10 Pink Tenn. Marble Slabs; one 16 x 18 N. P. Iron Bracket; 3 Enamel Sinks; 3 Painted Sinks, and 18 1-2 inch Full N. P. Bath Bibbs." These items were either returned to respondent or taken by Boyce to his shop and added to his general stock. The respondent kept a general running account with Boyce, and the bills for the Miltenberger job were entered on respondent's ledger to the general account of Boyce containing many other entries, but these three bills were specifically designated by the words "Lindell

and Sarah streets," written in the ledger to the left of the entries. On this general account the following credits were entered: "Oct. 18th, 1895, by cash $500; Oct. 14th, by mdse. $5.40; Oct. 7th by mdse. $1.17; Oct. 19th by mdse. $1.76; Oct. 29th by mdse. $1.25; Oct. 30th by mdse. $0.70. (Washington ave. job)." The $500 was paid on general account without direction as to any particular application of the credit. The credits for merchandise returned were also on general account, except the last item of seventy cents, and Boyce was unable to say whether any of the credits were or were not for merchandise included in the Miltenberger bills. On November 1, 1895, Boyce owed the respondent a balance on account of $1,373.08. On November 19 Boyce gave to respondent his two promissory notes for $673.08 and $700, due in sixty and ninety days respectively, in adjustment of his account, which was credited and balanced by the two notes.

Nothing was said about a mechanic's lien at the time of this transaction. The difference in the time in which the notes should mature was for the accommodation of Boyce, to make it easier for him to pay them. These notes nor any part of them were paid by Boyce, and on February 10, 1896, respondent notified Miltenberger of its intention to file a lien on all the buildings for the material used in their plumbing, and on the twenty-first of the same month it filed its lien (a blanket one on the nine houses). The lien account is a consideration of the several bills furnished by respondent to Boyce, aggregating $859.59. Respondent in its contract with Boyce of the twelfth of September, agreed to deduct $10.86 from the bill for errors. This credit was not given on the lien account, nor was any credit given for merchandise returned. On May 15, 1896, respondent filed its petition in the circuit court, city of St. Louis, to establish

and enforce its lien against the nine Miltenberger houses. Arthur Boyce, Wm. H. Miltenberger, C. A. Kanther, D. L. Dyas (trustee), Otto M. Eidlitz, Joseph Dormitzer (trustee), August Gehner (trustee), Ellen J. McKee, B. M. Verdin, Samuel M. Kennard, and Joseph Dormitzer (trustee of the estate of Mare Eidlitz, deceased), were made parties defendants.

After Miltenberger began the erection of the nine houses, and after Boyce had begun the plumbing work on them, Miltenberger to raise funds for the completion of the house, encumbered all of them with one or more deeds of trust. Some of these deeds of trust had been foreclosed and Miltenberger had conveyed some of the property before suit was brought. It is admitted that the petition sets out correctly the ownership of each separate house and lot and the incumbrance thereon at the date of the filing of the petition with one exception. The exception is this. The petition alleges that the defendant * * * administrators of Mare Eidlitz, of New York, were the *cestuis que trustent* in the two deeds of trust on houses numbers 4125 and 4133. The facts are that Miltenberger and wife on June 27, 1895, executed two deed of trust to Joseph Dormitzer, trustee for the estate of Mare Eidlitz, for $8,000 each, one on number 4125, and the other on number 4133. Prior to the institution of the suit one of these deeds of trust had (by deed of assignment) been assigned to Robert J. Eidlitz, and the other (by deed of assignment) to Mathilda Eidlitz, which deeds were executed by Otto, Robert and Mathilda Eidlitz, executors of the estate of Mare Eidlitz, both of which deeds of assignment were on record in the recorder's office of the city of St. Louis when the petition was filed. Neither Robert nor Mathilda Eidlitz were made parties to the suit. The deeds of trust to Dormitzer, trustee for estate of Mare Eidlitz disclosed the fact that

the estate was in New York, but did not disclose who were the representatives of the estate as administrators or executors. On November 9, 1896, respondent amended its petition by making John F. Green and B. F. Hufft parties defendants, alleging that they had acquired some interest in some of the houses after the suit had been commenced, but did not state what interest they had acquired or describe the property in which they had acquired an interest. Defendants Gehner, Kennard and Dyas, trustees, made default; defendants Dormitzer, trustee, Ellen J. McKee, Otto M. Eidlitz, Arthur Boyce, W. H. Miltenberger, G. A. Kanther and John F. Green filed general denials. Defendant B. F. Hufft, in addition to a general denial, stated in his answer that Robert J. Eidlitz, Otto M. Eidlitz and Mathilda Eidlitz, as executors of the estate of Mare Eidlitz, deceased, were the beneficiaries in the two deeds of trust described in the petition on numbers 4125 and 4133, and that said executors had assigned said deeds of trust and notes thereby secured to Robert J. and Mathilda Eidlitz, which assignments were of record; that the said two deeds of trust were foreclosed by the trustee on January 28, 1897, and that defendant purchased the said two houses at the trustee's sale; that neither the said executors of the estate of Mare Eidlitz nor said Robert or Mathilda Eidlitz nor the defendant Hufft, were made parties to the suit within ninety days from the time the plaintiff filed its lien account in the clerk's office, and that his interest was not subject to the lien. A general denial, by way of reply, was filed to the new matter in Hufft's answer. The issues were submitted to the court without the intervention of a jury. Defendants objected to the introduction of the lien account for the following specified reasons: *First.* "Because, according to the evidence it is not a just

and true account, in that plaintiff has not proved that the items set out therein were used in the construction of the houses described in the petition, but on the contrary it appears that many of said articles were not so used. *Second.* Because it appears from the evidence that the lien account is not a just and true account, in that certain credits, which the defendant Boyce was entitled to are not given in that account. *Third.* We object to this account because it appears from the records in this case that the holders of the first deed of trust on the houses numbered 4125 and 4133 Lindell Boulevard, to wit, the executors and administrators of the estate of Mare Eidlitz, who are described as beneficiaries in those deeds of trust, were never made parties to this suit, and the defendant Verdin, who was the owner of the equity of redemption in those houses at the time the suit was instituted, is dead, and plaintiff has dismissed as to him; that it appears from the deeds offered in evidence by plaintiff that the two deeds of trust held by the estate of Mare Eidlitz were were foreclosed, and that as the holders of those deeds of trust were not made parties within ninety days, their interest was not affected, and consequently the purchaser under the deeds of trust takes these two houses free of any lien, if any has been established, there being no owner of those houses party to this suit. That being the case, the plaintiff having lost its lien on houses 4125 any 4133, and having filed its lien as a blanket lien on all the nine houses, can not now establish their lien on any number less than the whole, either as a blanket lien or as separate liens against the respective houses.''

The court expressed the view that the only necessary parties to the suit to establish the lien, were the contractor and the owner of the buildings and grounds at the time the contract was made, and overruled the

objections. Defendants saved their exceptions to this ruling. Respondent gave Miltenberger timely notice of its intention to file its lien, filed the lien paper in due time, and began its suit within the time limited by the statute. The court found that there were items of the value of $27.56 included in the lien account for articles furnished Boyce for the buildings which were not used, and that the account was entitled to a credit of $10.86, as per contract between respondent and Boyce, which had not been given or entered on the lien account, and found that the balance of the account as filed, after deducting these credits, was justly due, and that all the material mentioned in the lien account, less $27.56 worth (deducted) had been used by Boyce in doing the plumbing work of the nine houses. Defendants offered to read in evidence deeds of assignment from Robert J., Mathilda and Otto Eidlitz, executors of the estate of Mare Eidlitz, to Robert and Mathilda Eidlitz for deeds of trust on houses numbers 4125 and 4133, recorded February 7, 1896, for the purpose of showing who were the beneficiaries described in the deeds of trust on these two properties (not made parties), but described as * * * administrators, estate of Mare Eidlitz, and that these assignments were of record proper before the suit was brought. Respondent objected to the reading of, these deeds in evidence, which objection was sustained by the court, to which ruling defendants saved an exception. At the close of the testimony the defendants offered the following declarations of law, which the court refused, to which ruling the defendants also saved an exception:

"If the court finds from the evidence that the lien account filed by the plaintiff in the clerk's office contains items of materials furnished to Arthur Boyce by plaintiff which were not used in the construction

of the nine houses described in plaintiff's petition, then plaintiff is not entitled to a lien.''

"The court declares the law to be that under the pleadings and evidence herein, plaintiff is not entitled to any lien.''

"The court declared the law to be that under the pleadings and evidence adduced, plaintiff is not entitled to any lien on houses No. 4125 and 4133 Lindell Boulevard, or the lots on which the same are situated.''

"If the court finds that the materials which the court believes from the evidence were furnished by plaintiff to defendant Boyce and which were used in the construction of the nine houses described in plaintiff's petition, or any part thereof, were charged on plaintiff's books to Arthur Boyce in a general running account with other materials purchased from time to time by said Boyce from plaintiff, and that on or about the first day of November, 1895, the balance owing by said Boyce to plaintiff on said general running account was $1,373.08, and that on the 19th day of November said plaintiff accepted from said Boyce for said general balance aforesaid, his promissory note, one for $673.08 and one for $700, and that the amounts of each said notes included in part charges for materials furnished to Boyce by plaintiff to be used in the construction of the houses described in the petition, and in part the value of materials sold to said Boyce by plaintiff for other purposes, then the plaintiff is not entitled to a lien on any of the property described in the petition.''

The court modified the last of the above instructions, and gave it in the following form:

"If the court finds that the materials which the court believes from the evidence were furnished by plaintiff to defendant Boyce, and which were used in

the construction of the nine houses described in plaintiff's petition, or any part thereof were charged on plaintiff's books to Arthur Boyce in a general running account with other materials purchased from time to time by said Boyce from plaintiff, and that on or about the 1st day of November, 1895, the balance owing by said Boyce to plaintiff on said general running account was the sum of $1,373.08, and that on or about the 19th day of November said plaintiff accepted from said Boyce for said general balance aforesaid his two promissory notes, one for $673.08 and one for $700, and that the amount of each of said notes included in part charges for materials furnished to Boyce by plaintiff to be used in the construction of the houses described in plaintiff's petition, and, also, in part for the value of materials sold to said Boyce by plaintiff for other purposes and used by Boyce in other buildings, then the plaintiff is not entitled to a lien on any of the property described in the petition, unless the court further finds from the evidence that said notes were not received in payment by the plaintiff for said account, and that the same have not been tendered back to defendant Boyce.''

To this action of the court appellants also saved an exception. The court gave a personal judgment for respondent against Boyce for $886, and gave a mechanic's lien for said sum on the property of defendants, W. H. Miltenberger, John F. Green, Samuel M. Kennard, August Gehner, trustee; D. L. Dyas, trustee; Joseph Dormitzer, trustee; Ellen J. McKee, B. F. Hufft, Otto M. Eidlitz, Charles A. Kanther and Joseph Dormitzer, trustee of the estate of Mare Eidlitz, of New York. In due time defendants filed motion for new trial and in arrest of judgment. These being overruled an appeal was taken to this court. The items in the lien account, which were not used in any of the houses,

were items ordered by and billed to Boyce for that purpose. If they were ever returned to respondent the evidence does not so state, nor does Boyce or any other witness bring home to respondent the knowledge or information that these articles were not used prior to the filing of the lien account. It is true, that one of the respondent's salesmen inspected the buildings and took a list of the articles used in some of the houses. This he might have very well done, and yet not discover the fact that items were on the bill that had not been used. He would necessarily have to compare his memoranda taken at the house with the bills as entered on the respondent's books, to discover the error. He did not do this, and from all that appears from the testimony the non-lienable items (articles not used) were incorporated in the lien account, through no fault of respondent, but through the negligence of Boyce to notify the respondent that these articles had not been used. Respondent sold the articles on express orders for these houses; they were called for at its factory and' delivered to Boyce for that purpose, and respondent should not lose its lien, unless it appears from the testimony that it included these articles in its lien account, knowing that they had not been used in any of the houses. No such evidence is found in the record. Mfg. Co. v. Mepham, 64 Mo. App. 50. The failure to give the agreed credit of $10.86 seems to have been an oversight, not an intentional omission, and we do not think respondent should lose its lien for this insignificant error, when the evidence wholly fails to show any intention on the part of the respondent to misstate its account, or to include any item for which it did not believe the law gave it a mechanic's lien. Midland Lumber Co. v. Kreeger, 52 Mo. App. 418; Price v. Merritt,

55 Mo. App. 640. The taking of Boyce's

**MECHANIC'S lien:** notes, maturing before the suit was
**waiver.**

brought, without any agreement to accept
them as payment or agreement to waive its right to file
a lien, was not payment nor a waiver of its lien rights.
Kauffman-Wilkinson Lumber Co. v. Christophel, 62 Mo.
App. 98. Nor did the fact that the three bills for the
material for these nine houses were entered on respond-
ent's ledger in its general account with Boyce, invali-
date or waive its right to file its lien, in the light of the
fact that these three bills were marked on the ledger to
the "Lindell and Sarah streets houses." This memo-
randa separated these accounts from the general ac-
count, and was not such an intermingling as to destroy
their identity. Kauffman-Wilkinson Lumber Co. v.
Christophel, *supra*. It may be accepted as the law of
this state that if a lienor wishes to affect an incum-
brance prior or subsequent to his inchoate right to

charge the property with his lien, he must
**PARTIES to suit:** make the incumbrancer a party to the suit
**incumbrancer.**

to establish and enforce his lien. Clark
v. Brown, 25 Mo. 563; Hicks v. Scofield, 121 Mo. 381;
Russell v. Grant, 122 Mo. 161. A mechanic's lien suit
has a two-fold purpose: *First*, to ripen an inchoate
right of lien into a legal lien by the judgment of the
court. *Second*, to enforce the established lien by decree
of sale. From the very nature of the proceeding it is
obvious that all persons who have an interest in the
property to be affected by the lien, should be made
parties and given the opportunity to be heard against
the proposed lien. It is conceded by the briefs, and
was so on the argument, that the estate of Mare Eid-
litz is a New York estate, and that the executors of that
estate are Robt. J., Mathilda, and Otto M. Eidlitz, all
residents of New York, and that the deed of trust on

numbers 4125 and 4133 were assigned to Robt. J. and Mathilda Eidlitz, and the deeds of assignment placed upon record as stated in the answer of Hufft.

This evidence was excluded by the court, but as counsel on both sides admit the facts to be as stated, we accept this statement as correct, and treat the case as though these facts appear in the record. Neither Robert nor Mathilda Eidlitz was made a party to the suit. During the pendency of the suit these two deeds of trust were foreclosed and the numbers 4125 and 4133 were purchased by Hufft, who was made a party to the suit, but some time after the suit had been begun and more than ninety days after the filing of the lien account. Hufft purchased pending the suit and his interests are affected, if at all, by the status of these two numbers, in the suit at the date of his purchase. * * * Joseph Dormitzer, trustee of the Mare Eidlitz estate in these two deeds of trust, was made a party defendant as such trustee. As a general rule a trustee under a deed of trust does not represent the beneficiaries in a suit to establish or enforce a mechanic's lien. Lumber Co. v. Oliver, 65 Mo. App. 435; Stafford v. Fizer, 82 Mo. loc. cit. 398. The beneficiary named in these two deeds of trust was the estate of Mare Eidlitz. This is not the name of a natural or artificial person, and hence no beneficiary is named in these trust deeds. Thomas v. Wyatt, 25 Mo. 24; Douthitt v. Stinson, 63 Mo. 268; Reinhard v. Lead Mining Co., 107 Mo. loc. cit. 624.

The deeds of assignment of these two deeds of trust by the three Eidlitz to two of their number and put upon record, was perhaps good in equity as among themselves, but they were not parties by name in the deeds of trust; so far as that instrument discloses they were absolute strangers to and without interest in it, and their assignment of its beneficial interest was in law a nullity, and the respondent was not required to take

any notice of them. A suit to establish and enforce a mechanic's lien is at law, not in equity, and the respondent was not required to institute a search in the state of New York to discover who might be the equitable beneficiaries in these two deeds of trust, before it could proceed to establish its lien against these incumbrances. The beneficiaries elected to conceal their identity, and the respondent should not be held to the task of discovering them before it can subject these incumbrances to its mechanic's lien. The trustee was the only party named in the trust deeds as representing their beneficial interest, and we hold that he was the only necessary party to the suit, so far as these two incumbrances are concerned. Hufft and Green purchased after the pendency of the suit, and they were not necessary parties; their purchase was subject to any judgment that might be rendered against the property they acquired at the foreclosure sales. The declarations of law asked by the appellants were properly refused, and the one modified and given by the court correctly declares the law on the facts as hypothecated. We have discovered no reversible error in the record and affirm the judgment. All concur.